IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2014 JUL -1  PM 1:07
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY

YOLANDA VARGAS and BRENDA VALDEZ,
Plaintiffs,

-vs-                                                        Case No. A-14-CA-389-SS

TEXAS TACO CABANA, L.P. and T.C. MANAGEMENT, INC.,
Defendants.

## ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Defendants' Unopposed Motion to Compel Arbitration and Opposed Motion to Dismiss [#8], and Plaintiffs' Response [#10]. Having reviewed the documents, the governing law, and the file as a whole, the Court now enters the following opinion and orders GRANTING IN PART and DENYING IN PART the motion.

### Background

Plaintiffs Yolanda Vargas and Brenda Valdez are former employees of the Taco Cabana Restaurant No. 199 in Austin, Texas. In connection with this employment, Plaintiffs claim they were subjected to sexual harassment, and when they complained about this harassment, they were fired. On May 5, 2014, Plaintiffs filed a lawsuit in this Court, asserting violations of Title VII based on sexual harassment and retaliation.

Prior to beginning employment, all Taco Cabana employees must sign an "Agreement for Resolution of Disputes Pursuant to Binding Arbitration Between Taco Cabana and Employee" (the



Arbitration Agreement). The Arbitration Agreement provides "any and all disputes, claims or controversies for monetary or equitable relief arising out of or relating to your employment . . . shall be arbitrated by JAMS . . . ." Defs.' Mot. Compel [##8-1, -2], Exs. A, B. The claims subject to arbitration pursuant to the Arbitration Agreement "include, without limitation, disputes, claims, or controversies relating or referring in any manner, directly or indirectly, to: Title VII of the Civil Rights Act of 1964 and similar state statutes." *Id.* The Arbitration Agreement includes an explicit employee acknowledgment section, which requires the signing employee to acknowledge they are agreeing to have all claims "finally decided in private arbitration and not in court." *Id.* Yolanda Vargas signed the Arbitration Agreement with employee acknowledgment on June 18, 2009. *See* Ex. A at 2. Brenda Valdez signed the Arbitration Agreement with employee acknowledgment on May 10, 2012. *See* Ex. B at 2. On June 12, 2014, Plaintiffs filed a Demand for Arbitration before Judicial Arbitration and Mediation Services, Inc. (JAMS). *See* Defs.' Mot. Compel [#8-3], Ex. C.

## Analysis

Defendants have filed an Unopposed Motion to Compel Arbitration and Opposed Motion to Dismiss [#8]. With respect to the motion to compel arbitration, the Court GRANTS this request. Plaintiffs clearly agreed to the arbitration of Title VII claims when they signed their employment agreements with Taco Cabana, and Plaintiffs "accept that [the] agreements they signed as a condition of their employment require submission of the present claims to arbitration." Pls.' Resp. [#10], at 1. Indeed, Plaintiffs have already filed their Demand for Arbitration before JAMS.

The only remaining question is whether to stay this case or dismiss it with prejudice. The Federal Arbitration Act "provides that when claims are properly referable to arbitration, upon application of one of the parties, the court *shall* stay the trial of the action until the arbitration is

complete." *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992) (citing 9 U.S.C. § 3) (emphasis added). But the Fifth Circuit has interpreted the FAA as authorizing "dismissal of the case when *all* of the issues raised in the district court must be submitted to arbitration." *Id.* (collecting cases and affirming dismissal with prejudice). Plaintiffs recognize it is within the Court's discretion whether to stay or dismiss the case, but they urge a stay because it "would serve the vital purpose of ensuring that Plaintiffs are not denied a remedy pursuant to Fifth Circuit guidance on preserving claim timeliness." Pls.' Resp. [#10], at 2 (citing *Fonseca v. USG Ins. Servs.*, 467 F. App'x 260, 261 (5th Cir. 2012) (unpublished)).

In *Fonseca*, a couple of months after the plaintiff filed a demand for arbitration, the arbitrator refused to continue the process because the defendant failed to pay the required arbitration fees. *Fonseca*, 467 F. App'x at 261. When the plaintiff subsequently filed suit on the underlying claims, the district court rendered summary judgment for the defendant, finding the plaintiff's claims were time-barred. *Id.* The Fifth Circuit affirmed, holding a "'demand for arbitration does not toll the statute of limitations.'" *Id.* (quoting *United States ex rel. Portland Constr. Co. v. Weiss Pollution Control Corp.*, 532 F.2d 1009, 1013 (5th Cir. 1976)). The plaintiff "could have (and should have) filed her suit within the statute of limitations and, thereafter, sought a stay of the action pending arbitration. . . . Such a course would have guaranteed that the lawsuit was brought within the limitations period . . . ." *Id.*

In the present matter, Plaintiffs' concern is that if arbitration does not proceed for any reason, the allowable time to file suit possibly will have passed. Plaintiffs admit the risk is "slight," but "tangible," and the consequence of the risk's realization "would be to divest Plaintiffs of any forum in which to seek redress for civil rights violations." Pls.' Resp. [#10], at 3. Furthermore, Plaintiffs

point out staying the proceedings for this reason is entirely consistent with the explicit agreement of the parties to "reserve the right to go to court if they are faced with the risk of irreparable harm . . . ." *See* Exs. A at 2, B at 2.

Operating within its discretion, the Court will stay the case as requested by Plaintiffs for the reasons articulated by Plaintiffs. The parties, however, are required to file with the Court status reports every ninety days.

## Conclusion

Accordingly,

IT IS ORDERED that Defendants' Unopposed Motion to Compel Arbitration and Opposed Motion to Dismiss [#8] is GRANTED IN PART and DENIED IN PART, as described in this order. The parties are ordered to arbitrate their claims in the manner provided for in the arbitration agreement, pursuant to 9 U.S.C. § 4;

IT IS FURTHER ORDERED that this matter is STAYED pending resolution of the arbitration proceedings;

IT IS FINALLY ORDERED that the parties shall file with the Court status reports every NINETY (90) days, with the first report being due ninety days from entry of this order.

SIGNED this the 30th day of June 2014.

/s/ Sam Sparks
SAM SPARKS
UNITED STATES DISTRICT JUDGE